IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

YOURGOS DIAMANTOPOULOS,       )
                              )
            Petitioner,       )          4:07CV3191
                              )
      v.                      )
                              )
STATE OF NEBRASKA,            )          MEMORANDUM OPINION
et al.,                       )
                              )
            Respondents.      )
_____)

This matter is before the Court on the petitioner Yourgos Diamantopoulos a/k/a/ Cary Rehbein's Petition for Writ of Habeas Corpus (the "Petition") (Filing No. 1). Also pending are seven motions filed by petitioner.

### I.  Background.

Petitioner is serving a life sentence for first-degree murder and is in the custody of the Nebraska Department of Correctional Services. (*Id.*) This matter is petitioner's sixth petition for writ of habeas corpus filed in this Court relating to this conviction and sentence. *See Diamantopolous v. Clarke*, 4:01CV3287 (Kopf, J.)(dismissing petitioner's fifth § 2254 petition related to this conviction on September 3, 2002, as a successive petition pursuant to 2244(b)(3)(A)); *Diamantopolous v. Nebraska Dep't of Corr., et al.*, 4:98CV3262 (Urbom, J.) (dismissing petitioner's fourth § 2254 petition related to this

conviction on October 14, 1998, as a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A)); *Rehbein v. Clarke*, 94 F.3d 478 (8th Cir. 1996), *aff'g* 855 F. Supp. 1066 (D. Neb. 1994) (affirming dismissal of the petitioner's third petition for writ of habeas corpus under principles concerning "abuse of the writ" before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).

## II. Analysis.

Rule 9 governing Section 2254 cases provides that:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

*Id.* Similarly, Section 2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.* The United States Supreme Court has set forth the process for court of appeals' review of successive petitions:

> In AEDPA, Congress established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. *Felker v. Turpin*, 518 U.S. 651, 657 . . . (1996); § 2244(b). An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application. § 2244(b)(3)(A). The court of appeals then has 30 days to decide whether to grant the authorization to file. § 2244(b)(3)(D). A court of appeals' decision whether to grant authorization "to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." §2244(b)(3)(E).

*Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).

This process requires that the district court dismiss a "second or successive petition unless the claim raised asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart*, 523 U.S. at 641. The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which

raise grounds identical to those heard and decided on the merits in a previous petition. *See Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

Here, petitioner makes no new argument, nor does he allege new facts demonstrating his innocence of the underlying offense which could not have been discovered prior to the filing of his first petition. The Court has carefully reviewed petitioner's previously-filed petitions. They raise, in large part, claims and arguments similar to the petition currently before the Court. The petition is therefore clearly a "successive petition." Petitioner does not assert that he has sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this successive petition, nor is there any indication in the record that petitioner has done so. The petition will be dismissed. A separate order will be entered in accordance with this memorandum opinion.

DATED this 10th day of December, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court